**John Pinkston POTTER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12394.**

Criminal Court of Appeals of Oklahoma.
Feb. 13, 1957.

O. B. Martin, Oklahoma City, for plaintiff in error.

Granville Scanland, County Atty., Oklahoma County, John McPherren Asst. County Atty., Oklahoma County, Oklahoma City, for defendant in error.

NIX, Judge.

John Pinkston Potter was convicted in the District Court of Oklahoma County for the crime of operating a motor vehicle while under the influence of intoxicating liquor, second and subsequent offense. A jury found defendant guilty but could not agree upon punishment but left same to be pronounced by the trial judge who sentenced defendant to two years imprisonment in the state penitentiary. Defendant appealed upon sole issue that judgment and sentence was excessive and constituted cruel and unusual punishment.

The evidence shows defendant was arrested by Oklahoma City Police Officers Brown and Flow on SW 7th Street, Oklahoma City, at about 12:45 p. m. The officers testified they saw a 1940 Ford driven by defendant Potter weaving back and forth across center line at about 20 to 25 miles per hour. That they began pursuit and defendant proceeded across intersection through flow of traffic, bouncing over metal buttons and proceeded west being stopped by said officers in 600 Block on SW 7th Street. Officers testified he was physically unfit to drive vehicle as a result of drinking. He was taken to the Police Station where a drunkometer test reflected .164, and legal criteria for the test was .152. The defendant denied he had been drinking since the night before and had one drink early that morning. He denied driving improperly and testified the metal buttons and signs were placed there after the date upon which he was arrested. Regardless of the tests we feel that evidence was sufficient to convict the defendant of the crime as charged. The records show defendant had been convicted of driving under the influence of intoxicating liquor on two other occasions and had paid numerous fines for public drunk in Municipal Court of Oklahoma City. Fortunately, there was no wreck or other cars, property, or person involved and no aggravated circumstances incidental to his arrest. It appears from the record that defendant is evidently addicted to alcohol and has had numerous brushes with the law, thus far confined to misdemeanors and can be attributed thereto. The defendant is a cement worker, married, and has two children. We may conclude from the test that a goodly portion of defendant's earnings go to support his costly habit and the consequences thereof. This is reflected by fines paid in Municipal Court and no doubt the money spent on this habit could have been used by his family to a very good advantage and no doubt the results of his drinking has worked great hardships upon his family. This presumed neglect by defendant of his family and their welfare is prone to raise the ire of most men and no doubt the presiding judge had given this much thought and consideration when he found himself with the duty of pronouncing sentence. The type of punishment to be rendered to this type case is of much concern and is of the greatest importance in that the rules governing persons who drive motor vehicles upon public roads under the influence of alcohol should never be relaxed below that which radiates a strong warning to future offenders. There is no precedent or set of rules to establish a standard, but each and every case must necessarily depend upon the facts of each particular case as they exist. We are confident the trial judge was correct in his reasoning that this case deserves strenuous punishment and properly adjudged a penitentiary case. However, since imprisonment has a two-fold purpose, protection of society and punishment to the offender, we must bear in mind that rehabilitation is hoped for in all instances. In view of possibility that defendant may adjust himself in the future, subdue his habit and conform to the rules of society, we cannot help but feel the administration of jus-

tice will be better served if defendant's punishment is reduced from two years in the state penitentiary to one year in the state penitentiary.

It is therefore ordered that the judgment and sentence of the District Court of Oklahoma County be modified by reducing the sentence from two years in the state penitentiary to a term of one year in the state penitentiary and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.